**In re SUESS PATENT INFRINGEMENT LITIGATION.**

*Kaiser Industries Corp., et al. v. Youngstown Sheet & Tube Company*, N.D. Indiana, Civil Action No. H–74–63.

**No. 74.**

Judicial Panel on Multidistrict Litigation. Nov. 12, 1974.

## OPINION AND ORDER

Before ALFRED P. MURRAH[*], Chairman, and JOHN MINOR WISDOM, EDWARD WEINFELD, EDWIN A. ROBSON, WILLIAM H. BECKER[*], JOSEPH S. LORD, III, and STANLEY A. WEIGEL, Judges of the Panel.

PER CURIAM.

The Panel previously transferred several actions in this litigation to the Western District of Pennsylvania and, with the consent of that court, assigned them to the Honorable Louis Rosenberg for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407. In re Suess Patent Infringement Litigation, 331 F.Supp. 549 (J.P.M.L. 1971).

Kaiser Industries Corporation is the exclusive United States licensing agent for the Suess patent, which covers the basic oxygen process of refining steel. Kaiser and its associates recently filed the above-captioned action in the Northern District of Indiana against defendant Youngstown Sheet & Tube Company for alleged infringement of the Suess patent. The actions in the transferee district were filed by the same plaintiffs against other alleged infringers of the Suess patent. Since the Indiana action appeared to involve factual issues common to the previously transferred actions, the Panel issued an order conditionally transferring it to the Western District of Pennsylvania. Youngstown, the sole defendant in the action, opposes transfer. We find that this action raises questions of fact common to the actions previously transferred to the Western District of Pennsylvania and that its transfer to that district for coordinated or consolidated pretrial proceedings will best serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation.

I. *Background of the Litigation*

In an early action brought by plaintiff Kaiser against another alleged infringer, the Suess patent was held invalid and not infringed. Kaiser Co. v. McLouth Steel Corp., 257 F.Supp. 372 (E.D. Mich.1966), aff'd, 400 F.2d 36 (6th Cir. 1968), cert. denied, 393 U.S. 1119, 89 S.Ct. 992, 22 L.Ed.2d 124 (1969). While this action was being litigated, Kaiser filed additional infringement actions in various federal districts courts, including two against Jones & Laughlin Steel Corporation in the Western District of Pennsylvania. The Panel transferred all of the infringement actions to that district pursuant to Section 1407. In re Suess Patent Infringement Litigation, *supra*.

Initially, the transferee judge had to determine whether, in light of the McLouth decision and by virtue of the doctrine enunciated by the Supreme Court in Blonder-Tongue Laboratories, Inc. v. University of Illinois Foundation, 402 U.S. 313, 91 S.Ct. 1434, 28 L.Ed.2d 788 (1971), plaintiffs were collaterally estopped from pursuing the other infringement actions. Inasmuch as Judge Rosenberg had already conducted lengthy pretrial hearings in the *Jones & Laughlin* actions, all of the parties in the transferred actions agreed to a general stay pending resolution of the *Blonder-Tongue* collateral estoppel issue in the *Jones & Laughlin* actions. In a combination of decisions filed in January of 1974 and aggregating over 700 pages, Judge Rosenberg held that plaintiffs were not collaterally estopped from proceeding by the prior decision in *McLouth* and that the Suess patent was valid and infringed by defendant Jones & Laughlin. Kaiser Industries Corp. v. Jones & Laughlin Steel Corp., (W.D.Pa., filed January 29, 1974). Defendant Jones & Laughlin has appealed these rulings to the Court of Appeals for the Third Circuit. Meanwhile, plaintiffs have moved for partial summary judgments against the other transferee defendants on the authority of Judge Rosenberg's decision concerning the *Jone & Laughlin* actions.

---

[*] Judges Murrah and Becker were unable to attend the hearing and, therefore, took no part in the consideration or decision of this matter.

## II. *Panel's Decision in the Youngstown Action*

 Shortly after Judge Rosenberg's decision, plaintiffs filed the above-captioned infringement action in the Northern District of Indiana. In defendant Youngstown's answer and counterclaim, defendant raises precisely the same issues of collateral estoppel, patent validity and enforceability that have been raised by all of the defendants in all of the actions pending in the transferee district. Nevertheless, Youngstown opposes transfer. While we recognize that the discovery relevant to Youngstown's alleged infringement of the Suess patent is not common to the other actions, the matters concerning the issues of collateral estoppel and validity certainly are common and sufficiently complex to warrant transfer. Indeed, it appears that defendant's primary reason for opposing transfer is its dissatisfaction with Judge Rosenberg's rulings in the *Jones & Laughlin* actions. But the mere prospect of an unfavorable ruling by the transferee court or the possibility that another district judge may be more favorably disposed to a litigant's contentions are simply not factors considered by the Panel in determining whether a Section 1407 is appropriate. In re Texas Gulf Sulphur Securities Litigation, 344 F.Supp. 1398, 1400 (J.P.M.L.1972).

Clearly, transfer of this action to the Western District of Pennsylvania for coordinated or consolidated pretrial proceedings with the actions previously transferred to that district under Section 1407 will eliminate the possibility of duplicative pretrial proceedings and inconsistent determinations. For example, if Judge Rosenberg's collateral estoppel decision is reversed on appeal and plaintiffs are indeed collaterally estopped from pursuing their claims against defendant Jones & Laughlin, it is likely that such a determination would lead to the rapid disposition of the claims against Youngstown and all other defendants as well. And in the event Judge Rosenberg's collateral estoppel decision is affirmed on appeal, there will be further pretrial proceedings in the transferee district to determine the effect of that decision on plaintiffs' claims against the remaining defendants. In any event, Judge Rosenberg has developed an expertise concerning the complicated subject matter involved in this litigation and is unquestionably in the best position to supervise the pretrial proceedings of all actions, including the *Youngstown* action, toward their most just and expeditious termination.

It is therefore ordered that, pursuant to 28 U.S.C. § 1407, the action entitled Kaiser Industries Corp., et al. v. Youngstown Sheet & Tube Company, N.D.Indiana, Civil Action No. H–74–63 be, and the same hereby is, transferred to the Western District of Pennsylvania and, with the consent of that court, assigned to the Honorable Louis Rosenberg for coordinated or consolidated pretrial proceedings with the actions in the above-captioned litigation which are already pending in that district.