**1404**

In re **AIR CRASH DISASTER AT PARIS, FRANCE, ON MARCH 3, 1974.**

*Hayal Berkoz, etc., et al. v. McDonnell Douglas Corp.,* E.D. Virginia, Civil Action No. 457–74–A.

**No. 172.**

Judicial Panel on Multidistrict Litigation.

Jan. 8, 1975.

Before ALFRED P. MURRAH, Chairman, and JOHN MINOR WISDOM, EDWARD WEINFELD, EDWIN A. ROBSON, WILLIAM H. BECKER, JOSEPH S. LORD, III*, and STANLEY A. WEIGEL *, Judges of the Panel.

* Although Judges Lord and Weigel were not present at the hearing, they have, with the

OPINION AND ORDER

PER CURIAM.

The Panel has previously transferred all actions in this litigation to the Central District of California and, with the consent of that court, assigned them to the Honorable Peirson M. Hall for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407. In re Air Crash Disaster at Paris, France, on March 3, 1974, 376 F.Supp. 887 (Jud.Pan.Mult.Lit.1974). Since the above-captioned action appeared to share questions of fact common to the previously transferred actions, the Panel ordered the parties to show cause why this action should not also be transferred under Section 1407 to the Central District of California. The plaintiffs oppose transfer. We find that this action raises questions of fact common to the actions previously transferred to the Central District of California and that its transfer to that district for coordinated or consolidated pretrial proceedings will best serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation.

At the outset, we observe that the transferee court has allowed an action before it to be maintained as a class action on behalf of all heirs, beneficiaries and personal representatives of passengers aboard the Turkish Airlines DC–10 that crashed near Paris, France, on March 3, 1974, all of whom were killed in the accident. In re Paris Air Crash of March 3, 1974, MDL-172 (C.D.Cal., filed August 6, 1974).

The *Berkoz* action was recently filed in the Eastern District of Virginia against a sole defendant, McDonnell Douglas Corporation. The named plaintiffs in this action are related to seven crew members who perished in the crash and who were employed by Turk Hava Yollari, A.O., the airline carrier that purchased the ill-fated aircraft from McDonnell Douglas and was operating it at the time of the accident. Plaintiffs

consent of all parties, participated in this decision.

allege that defendant McDonnell Douglas negligently designed and manufactured the aircraft and they purport to represent a class consisting of all next of kin, heirs and personal representatives of the 335 passengers and eleven crew members who died as a result of the accident.

Notwithstanding their all-encompassing class allegation, plaintiffs oppose transfer on the ground that the relationship of the decedent crew members with Turk Hava creates a conflict with other litigants in the transferee district who represent deceased passengers and assert claims against Turk Hava. Plaintiffs concede that their discovery concerning the allegations of defective design and manufacture of the aircraft will duplicate similar discovery being pursued in the transferee district, but nevertheless they contend that transfer would prolong their action and would be inconvenient to the parties and witnesses.

Clearly, the *Berkoz* action and the actions in the transferee district involve common factual issues concerning the alleged liability of defendant McDonnell Douglas. Thus, transfer of the *Berkoz* action under Section 1407 for inclusion in the coordinated or consolidated pretrial proceedings will prevent duplication of discovery and other pretrial efforts. In addition, transfer of this action is necessary in order to eliminate the possibility of overlapping or inconsistent class determinations. But even if plaintiffs were to amend their complaint and proceed only on behalf of the beneficiaries and personal representatives of the deceased crew members, the above-described commonality of factual issues would still be present and necessitate transfer of this action for Section 1407 treatment with the other actions.

Plaintiffs' fear of conflict in the transferee district between themselves and plaintiffs representing deceased passengers is unwarranted. The transferee judge has considerable flexibility in supervising the pretrial proceedings to ensure that any conflicting interests among the various plaintiffs are accommodated.

Likewise, the *Berkoz* plaintiffs' concern about the possibility of Section 1407 proceedings causing unnecessary inconvenience to the parties and witnesses and prolonging their action is without merit. Defendant McDonnell Douglas and the witnesses and relevant records pertaining to McDonnell Douglas's alleged liability are already involved in the proceedings in the transferee district. Indeed, defendant McDonnell Douglas urges transfer of this action. And in any event, depositions of any of the parties and witnesses, including those of the *Berkoz* plaintiffs and their witnesses, will likely occur in proximity to their residences. *See* Fed.R.Civ.P. 28(b) and 45(d)(2). Moreover, rather than prolonging the *Berkoz* action, the Section 1407 proceedings are likely to enhance its termination.

The *Berkoz* plaintiffs have also expressed dissatisfaction with the transferee judge's ruling to transfer all actions presently before him under Section 1407 to the Central District of California for all purposes pursuant to 28 U.S. C. § 1404(a) and are convinced that a similar ruling regarding this action will be made by the transferee court if this action is transferred there under Section 1407. The prospect of an unfavorable ruling by the transferee court, however, is not a factor considered by the Panel in determining whether transfer under Section 1407 is appropriate. In re Suess Patent Infringement Litigation, 1405 F. Supp. 384 (Jud.Pan.Mult.Lit., filed Nov. 12, 1974).

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the action entitled Hayal Berkoz, etc. et al. v. McDonnell Douglas Corp., E.D.Va., Civil Action No. 457–74–A, be, and the same hereby is, transferred to the Central District of California and, with the consent of that court assigned to the Honorable Peirson M. Hall for coordinated or consolidated pretrial proceedings with the actions in the above-captioned litigation which are already pending in that district.