## In re DELTA AIRLINES CRASH AT BOSTON, MASSACHUSETTS, ON JULY 31, 1973.

*Ronald Moore, etc. v. United States of America,* S.D. Texas, Civil Action No. 75–H–235.

### No. 160.

Judicial Panel on Multidistrict Litigation.

June 19, 1975.

Before ALFRED P. MURRAH, Chairman, and JOHN MINOR WISDOM, EDWARD WEINFELD, EDWIN A. ROBSON, WILLIAM H. BECKER, JOSEPH

S. LORD, III*, and STANLEY A. WEIGEL, Judges of the Panel.

## OPINION AND ORDER

PER CURIAM.

The Panel previously transferred all actions in this litigation to the District of Massachusetts and, with the consent of that court, assigned them to the Honorable Andrew A. Caffrey for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407. *In re Delta Airlines Crash at Boston, Massachusetts, on July 31, 1973*, 373 F.Supp. 1406 (Jud.Pan.Mult.Lit.1974). Since the above-captioned action appeared to involve factual issues common to the previously transferred actions, the Panel directed the parties to show cause why it should not likewise be transferred to the District of Massachusetts.[1] Plaintiffs oppose transfer. We find that the *Moore* action raises questions of fact common to the previously transferred litigation and that its transfer to the District of Massachusetts for inclusion in the coordinated or consolidated pretrial proceedings pending in that district will best serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation.

Plaintiffs in *Moore* are the representatives of the estate of a stewardess who was aboard the Delta flight and died as a result of the crash. Since plaintiffs are barred under the applicable workmen's compensation statutes from proceeding directly against Delta, they have filed their action against the United States solely. Their complaint contains allegations that air traffic controllers employed by the Federal Aviation Administration were negligent in directing the ill-fated aircraft on its approach route.

In opposition to transfer, plaintiffs argue that, unlike their action, all the

---

* Although Judge Lord was unable to attend the Panel hearing, he has, with the consent of all parties, participated in this decision.

1. Rule 10(b), R.P.J.P.M.L., 65 F.R.D. 253, 260 (1975).

actions in the transferee court were brought by representatives of deceased passengers. Thus, it is asserted that discovery in *Moore* will focus entirely on the alleged negligence of the United States, whereas discovery in the actions in Massachusetts will center on Delta. Although plaintiffs recognize that the question of the Government's liability for the crash has been injected into the litigation in the transferee district because of third-party claims filed by Delta against the United States, they nonetheless maintain that transfer of their action would be improper since it would force them to become aligned in interest with Delta.

This tag-along action clearly belongs with the previously transferred litigation for coordinated or consolidated pretrial proceedings. Even assuming *arguendo* that there are no direct actions in the transferee district against the United States brought by representatives of crew members, passengers or anyone else,[2] *Moore* and the third-party claims asserted by Delta against the Government surely share common factual questions on the issue of liability. Transfer of *Moore* for inclusion in the pretrial proceedings under Section 1407 is therefore necessary in order to prevent duplication of discovery, conserve judicial effort and eliminate the possibility of inconsistent rulings. Any difference in interest among the various parties proceeding against the Government can easily be accommodated by the transferee judge to protect the rights of

all concerned, while at the same time the pretrial process can be streamlined so that everyone, including the *Moore* plaintiffs, may be allowed to reap the benefits of collective effort.

Plaintiffs admit that the majority of witnesses whose testimony will be required to support their claims are located in the Boston area and that many of these witnesses are scheduled to be involved in ongoing depositions there. In addition, voluminous documents already produced by the United States in connection with Delta's third-party claims are apparently on file in the District of Massachusetts. Of course, any discovery involving the United States heretofore completed in the transferee district may be made applicable to *Moore* by appropriate orders of the transferee court. *See Manual for Complex Litigation,* Part I, § 3.11 (1973). Thus, transfer of *Moore* will very likely minimize the burden on plaintiffs by facilitating and expediting their discovery.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the action entitled *Ronald Moore, etc. v. United States of America,* S.D.Texas, Civil Action No. 75–H–235, be, and the same hereby is, transferred to the District of Massachusetts and, with the consent of that court, assigned to the Honorable Andrew A. Caffrey for coordinated or consolidated pretrial proceedings with the actions in the above-captioned litigation which are already pending in that district.

---

2. This assertion is disputed by the Government.