## In re BEEF INDUSTRY ANTITRUST LITIGATION.

### No. 248.

Judicial Panel on Multidistrict Litigation.

Sept. 2, 1976.

### OPINION AND ORDER

Before JOHN MINOR WISDOM, Chairman, and EDWARD WEINFELD, EDWIN A. ROBSON, WILLIAM H. BECKER*, JOSEPH S. LORD, III*, STANLEY A. WEIGEL and ANDREW A. CAFFREY*, Judges of the Panel.

---

* Judges BECKER, LORD and CAFFREY were unable to attend the Panel hearing and, therefore, took no part in the consideration or decision of this matter.

PER CURIAM.

This litigation consists of eight civil antitrust actions commenced in six different federal districts: two in the Northern District of Texas, two in the Northern District of California, and one each in the Northern and Southern Districts of Iowa, the District of Utah and the District of Nevada. The plaintiffs in these actions are involved in the production and feeding of beef cattle. They are located in nineteen midwestern, western, and southwestern states, and in Mexico. The named defendants in one or more of these actions are 24 major supermarket chains; the National Provisioner, Inc., which is a commercial wholesale meat price reporting service; and the National Association of Food Chains, which is a national trade association for food retailers. These defendants are headquartered in seventeen different states across the country and in the District of Columbia.

Plaintiffs in all actions allege that defendants violated Section 1 of the Sherman Act by fostering a massive nationwide conspiracy to illegally depress the wholesale price of beef and raise the price of beef sold at retail. Seven of the eight actions also include claims under Section 2 of the Sherman Act. This scheme, plaintiffs claim, is accomplished at least in part through a system of price leadership whereby certain defendants establish a bidding price which other defendants then follow. Prices are allegedly agreed upon at meetings of the food retailers trade association and furthered through the wholesale meat price reporting service.

Eleven of the defendants in these actions move the Panel for an order transferring all actions to the Northern District of Texas for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407. All responding parties either agree or express no position on the desirability of transfer in this litigation. The only real dispute is over the selection of an appropriate transferee district. In addition to the Northern District of Texas, three other districts have been suggested—the Northern District of California, the Southern District of Iowa, and the District of Utah.

On the basis of the papers filed and the hearing held, we find that these actions involve common questions of fact and that their transfer to the Northern District of Texas for coordinated or consolidated pretrial proceedings under Section 1407 will best serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation.

As is often the case in multidistrict antitrust litigation, the actions before us raise common factual issues concerning the existence, scope and effect of the alleged conspiracy that necessitate transfer in order to prevent duplication of discovery, eliminate the possibility of conflicting pretrial rulings and streamline the rest of the pretrial proceedings as well. See, e. g., In re Folding Carton Antitrust Litigation, 415 F.Supp. 384 (Jud.Pan.Mult.Lit. 1976).

The parties favoring the Southern District of Iowa as the transferee forum stress that Iowa and its surrounding states comprise a traditional meat packing center, that many major meat producers have corporate offices located in the midwest, and that therefore any future tag-along actions are likely to be instituted there. They argue that Iowa is a convenient centrally located forum for this litigation, and that the documents and witnesses of a majority of the plaintiffs will be more conveniently available there. The arguments in favor of the Northern District of California are that one of the actions pending in that district is more advanced in discovery than any other action, that several documents have been assembled there by defendant Safeway in connection with a previous action in that district, and that future tag-along actions are likely to be filed in western jurisdictions. The District of Utah is urged primarily because of its central location and because it contains the action with the broadest allegations.

We believe that each of the four suggested districts could be described as an appropriate transferee forum for this litigation. On balance, however, we find that the

Northern District of Texas is most preferable. Indeed, this district is the first choice of the majority of the defendants and is the second choice of almost all other parties to these actions. Although no action appears to be particularly more advanced than the others, we observe that Chief Judge William M. Taylor, Jr., to whom one of the Texas actions is assigned, has ruled on several pretrial motions, including a motion for partial summary judgment on a statute of limitations issue. Thus, he has gained a degree of familiarity with this litigation that will enable him to supervise it toward its most just and expeditious termination. *See In re Griseofulvin Antitrust Litigation*, 395 F.Supp. 1402, 1403 (Jud.Pan.Mult.Lit. 1975).

■ There is another argument that must be addressed. Both defendant Jewel Food Stores and plaintiff Meat Price Investigators Association oppose transfer to the Northern District of Texas because of their displeasure with prior proceedings in the actions in that forum. This contention is wholly without merit. The prospect of an unfavorable ruling by the transferee court or the possibility that another district judge may be more favorably disposed to a litigant's contentions are simply not factors considered by the Panel in determining whether and to where transfer under Section 1407 is appropriate. *In re Air Crash Disaster at Paris, France, on March 3, 1974*, 386 F.Supp. 1404, 1405 (Jud.Pan.Mult.Lit. 1975); *In re Suess Patent Infringement Lit-*

*igation*, 384 F.Supp. 1405, 1407 (Jud.Pan. Mult.Lit.1974).

IT IS THEREFORE ORDERED that the actions listed on the following Schedule A and pending in districts other than the Northern District of Texas be, and the same hereby are, transferred to the Northern District of Texas and, with the consent of that court, assigned to the Honorable William M. Taylor, Jr., for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407 with the actions pending there and listed on Schedule A.

### SCHEDULE A

#### Northern District of California

| | |
|---|---|
| Burke Petersen, et al. v. Safeway Stores, Inc., et al. | Civil Action No. C75–0984–RFP |
| James F. Boccado, et al. v. Safeway Stores, Inc., et al. | Civil Action No. C76–600–OJC |

#### Northern District of Texas

| | |
|---|---|
| Pony Creek Cattle Co., Inc., et al. v. The Great Atlantic & Pacific Tea Co., et al. | Civil Action No. CA3–75–0702–C |
| A. L. Black, et al. v. Acme Markets, Inc., et al. | Civil Action No. CA2–75–186 |

#### Northern District of Iowa

| | |
|---|---|
| Richard S. Lowe, et al. v. Safeway Stores, Inc., et al. | Civil Action No. C75–4043 |

#### Southern District of Iowa

| | |
|---|---|
| Meat Price Investigators Association, et al. v. Safeway Stores, Inc., et al. | Civil Action No. CA–75–333–2 |

#### District of Nevada

| | |
|---|---|
| R. Dirk Agee, et al. v. Safeway Stores, Inc., et al. | Civil Action No. R–75–224–BRT |

#### District of Utah

| | |
|---|---|
| Chaparral Cattle Corp., et al. v. Safeway Stores, Inc., et al. | Civil Action No. C76–79 |