432 F.Supp. 211 (1977)
In re BEEF INDUSTRY ANTITRUST LITIGATION.
Meat Price Investigators Association et al. v. Iowa Beef Processors, Inc., et al., S. D. Iowa, Civil Action No. 76-252-2
No. 248.
Judicial Panel on Multidistrict Litigation.
June 7, 1977.
Before JOHN MINOR WISDOM, Chairman, and EDWARD WEINFELD, EDWIN A. ROBSON, WILLIAM H. BECKER, JOSEPH S. LORD, III, STANLEY A. WEIGEL[*], and ANDREW A. CAFFREY, Judges of the Panel.

OPINION AND ORDER
PER CURIAM.
On September 2, 1976, the Panel, pursuant to 28 U.S.C. § 1407, transferred several actions in this litigation to the Northern District of Texas and, with the consent of that court, assigned them to the Honorable William M. Taylor, Jr. for coordinated or consolidated pretrial proceedings with related actions already pending there. In re Beef Industry Antitrust Litigation, 419 F.Supp. 720 Jud.Pan.Mult.Lit. (1976). The plaintiffs in the thirteen actions in the transferee district (the supermarket actions) are the Meat Price Investigators Association (MPIA) and several individuals and companies engaged in the production and feeding of beef cattle. The defendants are several major supermarket chains; the National Provisioner, Inc., which is a commercial wholesale meat price reporting service; and the National Association of Food Chains, which is a national trade association for food retailers. Plaintiffs in the supermarket actions allege that the defendants have illegally conspired to depress the wholesale price of beef and to raise the price of beef sold at retail. This scheme, plaintiffs claim, is accomplished at least in *212 part through a system of price leadership whereby certain defendants establish a bidding price which the other defendants then follow. Prices are allegedly agreed upon at meetings of the National Association of Food Chains and furthered through a publication of the National Provisioner called the "Yellow Sheet," which is a reporter of wholesale meat prices.
Subsequent to the Panel's original hearing in this litigation, the above-captioned action (the packer action) was filed in the Southern District of Iowa by parties which are also plaintiffs in one of the actions in the transferee district. The four defendants in this new action are meat packers whose principal activity is the purchase and slaughter of fat cattle, and the purchase, processing, packing and selling at wholesale of carcass beef, beef primal cuts, and beef subprimal cuts. None of these four defendants is a party to any of the actions in the transferee district. Plaintiffs in the packer action allege that the defendants have violated Sections 1 and 2 of the Sherman Act by conspiring to restrain trade in the fat cattle industry through a variety of practices, which include the following: manipulating the carcass, primal and subprimal prices of beef reported in the "Yellow Sheet" and using those prices illegally to depress prices paid for live cattle; quoting substantially identical bids for live cattle; exchanging market information; dividing territories; eliminating competition; purchasing beef from each other to fix the price of beef; warehousing beef to reduce the price of live cattle; and gaining inside information about buying requirements from major buyers for the ultimate purpose of depressing the price of live cattle. The large supermarket chains allegedly purchase most of their beef directly from packers.
Since the packer action appeared to share questions of fact with the previously transferred supermarket actions, the Panel ordered the parties to show cause why the packer action should not be transferred to the Northern District of Texas pursuant to section 1407 for inclusion in the coordinated or consolidated pretrial proceedings.[1] The National Provisioner favors transfer. Plaintiffs and defendants in the packer action and plaintiffs in some of the supermarket actions oppose transfer.
We find that the packer action shares questions of fact with the actions previously transferred to the Northern District of Texas and that transfer of the packer action to that district under Section 1407 will best serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation.
The parties opposing transfer contend that the packer action and the supermarket actions are distinct in their claims and in the defendants involved. In particular, they urge that in the new action, the defendant packers, which are engaged in the wholesale distribution of meat, represent an entirely different segment of the complex beef industry than is represented in the previous actions by the defendant supermarket chains, which are engaged in retail beef distribution. They argue that the allegations in the packer action compared to those in the supermarket actions involve different conduct and antagonistic theories of liability which should be explored separately. They emphasize that the only common issue between the supermarket actions and the packer action is that one group of plaintiffs claim they have received too little for their cattle and they blame, alternatively, the nationwide supermarket chains and the packers in their immediate area. They point out that none of the actions alleges any conspiracy between the two groups of defendants  the supermarkets and the packers. They further stress that the packer action involves a geographically concentrated market area in and around Iowa to which discovery will be restricted, whereas the supermarket actions involve a national market and a nationwide discovery program.
*213 We find these arguments unpersuasive. The record before us reveals that resolution of the issues involved in both the supermarket actions and the packer action necessarily will raise many common questions of fact concerning the economic realities of the beef industry as a whole, regardless of the fact that the two types of actions involve different alleged conspiracies at different levels of commerce within the beef industry. In addition, the complaints in both the supermarket actions and the packer action involve common factual questions regarding the alleged manipulation of beef prices reported in the "Yellow Sheet." Thus transfer of the packer action is necessary in order to prevent duplicative discovery, eliminate any possibility of conflicting pretrial rulings and conserve time and effort for the parties, the witnesses and the judiciary. Any antagonistic interests among the parties in the various actions may be accommodated by the transferee judge in designing the pretrial program. See In re Delta Airlines Crash at Boston Massachusetts, 395 F.Supp. 1405, 1407 (Jud.Pan.Mult.Lit.1975); In re Franklin National Bank Securities Litigation, 393 F.Supp. 1093, 1095 (Jud.Pan. Mult.Lit.1975). And discovery on any issues unique to the packer action may be scheduled by the transferee judge to proceed in a separate discovery schedule concurrently with discovery on common issues. See In re Republic National-Realty Equities Securities Litigation, 382 F.Supp. 1403, 1405-06 (Jud.Pan.Mult.Lit.1974).
IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the action entitled Meat Price Investigators Association, et al., v. Iowa Beef Processors, Inc., et al., S.D. Iowa, C.A.No. 76-252-2 be, and the same hereby is, transferred to the Northern District of Texas and, with the consent of that court, assigned to the Honorable William M. Taylor, Jr. for coordinated or consolidated pretrial proceedings with the actions previously transferred to that district.
NOTES
[*] Judge Weigel was unable to attend the Panel hearing and, therefore, took no part in the consideration or decision of this matter.
[1] See Rule 10(b), R.P.J.P.M.L., 65 F.R.D. 253, 260 (1975).