In re BEEF INDUSTRY ANTITRUST LITIGATION.

M.D.L. No. 248.

United States District Court,
N. D. Texas,
Dallas Division.

Aug. 17, 1978.

Lex Hawkins, Hawkins & Norris, Des Moines, Iowa, John A. Cochrane, Cochrane & Bresnahan, St. Paul, Minn., for plaintiffs.

Jeffrey S. Davidson, Kirkland & Ellis, Chicago, Ill., Lawrence G. Newman and John L. Shook, Newman, Shook & Newman, Dallas, Tex., for National Provisioner, Inc.

Edward W. Rothe, Freeman, Rothe, Freeman & Salzman, Chicago, Ill., for Iowa Beef Processors, Inc.

Stanley M. Brand, Gen. Counsel to Edmund L. Henshaw, Jr., Clerk, Steven R. Ross, Asst. Counsel to the Clerk, Donald E. O'Brien, Sp. Counsel, Committee on Small Business, John M. Atkisson, Counsel to the Subcommittee on Oversight and Investigation, U.S. House of Representatives, Washington, D. C., for Congressional Committees.

## MEMORANDUM OPINION

WILLIAM M. TAYLOR, Jr., District Judge.

On March 16, 1978, two attorneys representing Plaintiffs in this litigation, John Cochrane and Lex Hawkins, and an officer of a Plaintiff, Glenn L. Freie, moved to the Court for leave to comply with Congressional subpoenas.

The four subpoenas were issued by two Congressional subcommittees, the Subcommittee on Oversight and Investigation of the Interstate and Foreign Commerce Committee and the Subcommittee on SBA and SBIC Authority and General Small Business Problems of the House Committee on Small Business, both of the House of Representatives of the United States, 95th Congress.

Parts of the materials subpoenaed are covered by a protective order instituted in this proceeding.[1] On March 22, 1978, a hearing was held in this Court in order to determine whether the motion of Messrs. Freie, Hawkins and Cochrane should be granted. At the conclusion of that hearing the Court orally announced its decision to deny the motion, which announcement is appended to this opinion. A formal order to that effect was entered on April 4, 1978.

May 30, 1978, the Subcommittees moved by their counsel and Counsel to the Clerk of the House for leave to file their motion to grant Plaintiff's request for leave to comply or in the alternative for clarification or modification of protective order. Leave to intervene and file the motion was granted the following day, June 1, 1978, and the motion was filed that day. A hearing on this motion was had on July 27, 1978.

At both hearings and in their briefs the Defendants in this proceeding whose documents were subpoenaed from Plaintiffs strongly opposed the motions on many grounds.

It should be made clear at the outset that the technical validity of the subpoenae is not at issue. That question has never been squarely put before this Court by either of the two motions above mentioned or by any other party to this proceeding. The sole question is whether Congress can subpoena documents in the hands of a litigant in a Federal Court proceeding from that litigant who would not otherwise have them except for the discovery procedures of the Federal Courts when there has been no showing of extraordinary circumstances.

The Court has reached the conclusion that the motion of the Subcommittees must be denied.

The Federal Courts and the Congress have two different roles under our Constitution. Congress has the power and

---

1. Parts are also covered by a protective order in the case of *Iowa Beef Processors, Inc. v. Gorman, et al.*, No. C-77-440 (N.D.Iowa, W.Div.), which, of course, are not of ken in this proceeding.

responsibility to enact legislation under its enumerated powers and the "necessary and proper clause" of the Constitution.[2] The Federal Courts have the power to hear all cases and controversies arising under the Constitution and laws of the United States.[3] Congress has the power to circumscribe the jurisdiction of the various Federal Courts[4] and may pass laws which regulate the procedures in the Federal Courts[5] but has not the power to interfere in a particular case.

■ The Fifth Amendment to the Constitution states in part: ". . . nor be deprived of life, liberty, or property, without due process of law, . . . ." Due process must entail the hearing of a case by a Federal Court without the interference of one of the other branches of the Government.[6]

■ In the instance before the Court now, the persons whom the Subcommittees have subpoenaed would not have possession of the subpoenaed documents but for the discovery rules of the Federal Courts. Congress by subpoenaing these documents is interfering with the processes of a Federal Court in an individual case.[7] Had not a protective order been in force covering the documents, the Court would have entertained a motion for one.

Whether or not Messrs. Freie, Hawkins and Cochrane should have turned over any other documents to the Subcommittees given to them as a result of the discovery processes of this Court has not been presented to this Court and is probably a matter more of form than of substance since the other documents, not being covered by a protective order, have been spread upon the public record in the files of the Clerk of this Court.

For the reasons stated the motion of the Subcommittees for clarification or modification of this Court's protective order is denied. Defendants' attorneys are requested to prepare and submit appropriate form of order.

## APPENDIX

THE COURT: Well, gentlemen, I can appreciate Mr. Hawkins and Mr. Cochrane's discomfort. Mr. Hawkins said something about somebody serving his time if found in contempt of Congress. I wonder if he wants to trade places with me and decide one of these, what appears to be a confrontation between Congress and the Judiciary, in connection with the Judiciary, the responsibility to administer justice.

Now it appears to me, I may oversimplify the matter, it appears to me that Congressman Moss' committee is relying upon *Eastland versus United States Servicemen's Fund* and Judge Hart's opinion in the *Gulf* case, and apparently the committee thinks that that case gave Congress carte blanche to do anything that it wanted to do free from any review by the Courts.

Now throughout all of these cases that I have read and have been cited in these briefs, that is those cited in the briefs that I have been able in that time to read, it is consistently held that resolutions, subpoenas, even statutes enacted by Congress are subject to review and who but the Courts can exercise that power to review. Doesn't that go back to *Marbury versus Madison* or some such case as that, but in any event the *Eastland* case by the Supreme Court did not involve a court order, that is a court order, protective order as in this case. There the Court was saying simply that members of Congress are free, as I read the case, are free from interference by being hailed into

2. Article I, Section 8.

3. Constitution, Article III, *Marbury v. Madison,* 1 Cranch 137, 5 U.S. 137, 2 L.Ed. 60 (1803).

4. Ibid.

5. *Wayman v. Southard,* 23 U.S. 1, 6 L.Ed. 253 (1825).

6. *Kilbourn v. Thompson,* 103 U.S. 168, 26 L.Ed. 377 (1880).

7. The Subcommittees have not based their motion on any extraordinary need for these items to be subpoenaed from these individuals, so the question of extraordinary circumstances as a justification for the subpoena will be ignored by the Court.

Court in connection with their activities in their Congressional duties. It is inconceivable to me that Congress would or a committee of Congress would just run roughshod over an order of Court entered in connection with the disposition or trial or preparation of a case pending in Court. I just can't believe that Congress would undertake to do that or would do it. And it's also a little difficult for me to believe that the Justice Department would pursue a contempt matter, a contempt of Congress matter where lawyers in the position that Mr. Hawkins and Mr. Cochrane are, being under an order of this Court not to divulge this information. The information Congress seeks is available elsewhere and as I understand the record subpoenas have been issued for that purpose to acquire the information from some other source. I just cannot—Well, I don't think it would be proper for this Court under these circumstances where this Court has entered a protective order, just because Congress wants to get all of the information that some of the lawyers have, just step aside and say, "Well, go right ahead." I think the orders of a Federal Court in its undertaking to dispose of cases, of lawsuits, have some significance and some importance. I'm going to deny the motion to modify or amend the order.

As I said, I understand the uncomfortable position that Mr. Hawkins and Mr. Cochrane may be in, but I think the order of this Court and this matter is important enough that it should be maintained and not set aside or modified.

Now, it was suggested that the committee should be before the Court. Of course, the Court is not going to subpoena the committee to come down and defend itself or anything of that kind. One of the counsel did call Mr. Purdy, my law clerk, about the matter.

Now, this order of mine refusing to amend or correct the protective order or relieve Mr. Hawkins of the effect of that order, of course, is without prejudice to the right of the committee and its counsel might well work out a confidential order or an agreement with the parties at interest

here. So, I am going to deny the motion and, so to speak, let the chips fall where they may.