**IOWA BEEF PROCESSORS, INC., Appellant,**

v.

**Hughes A. BAGLEY, Appellee.**

No. 78–1855.

United States Court of Appeals, Eighth Circuit.

Submitted Dec. 12, 1978.

Decided Dec. 14, 1978.

Edward W. Rothe and James T. Malysiak, Freeman, Rothe, Freeman & Salzman, Chicago, Ill., for appellant.

William J. Rawlings, Sioux City, Iowa, for Hughes A. Bagley.

John M. Fitzgibbons, Sp. Counsel, Committee on Small Business, U. S. House of Representatives, Washington, D. C., for Committee on Small Business and the Honorable Neal Smith.

Before BRIGHT, HENLEY and McMILLIAN, Circuit Judges.

PER CURIAM.

This case comes before the court on motion of Iowa Beef Processors, Inc. (IBP) for a stay pending appeal and for other suitable orders in the nature of extraordinary writs which would preserve appellate jurisdiction. We deny the stay and decline to issue such orders.

This case is the most recent manifestation of a lengthy, and increasingly acrimonious, course of litigation involving IBP. IBP has been the subject of numerous private antitrust suits in recent years. Several of these lawsuits have been brought by members of a group calling themselves the Meat Price Investigators Association and have been pursued by two lawyers, Lex Hawkins and John Cochrane. The Judicial Panel on Multidistrict Litigation transferred a number of these private antitrust cases to the United States District Court for the Northern District of Texas for consolidated pretrial proceedings. *See In Re Beef Industry Antitrust Litigation,* 432 F.Supp. 211 (Jud.Pan. Mult.Lit.1977); *In Re Beef Industry Antitrust Litigation,* 419 F.Supp. 720 (Jud.Pan. Mult.Lit.1976). As part of the discovery proceedings in these Texas cases, the district court entered a protective order prohibiting attorneys Cochrane and Hawkins, among others, from disclosing the contents of documents obtained through discovery on the defendants, including IBP. It appears that some of these documents are the same as the documents in question in this case.

The instant litigation was begun by IBP in the Northern District of Iowa on August 1, 1977. IBP sued a number of defendants including Hawkins, Cochrane, and one Hughes A. Bagley, a former vice president of IBP. IBP's complaint alleged that Bagley had taken a number of documents with him when he left IBP's employ in 1975 and that these documents contained confidential business information which would damage IBP's business if they were disclosed. The complaint further alleged that Bagley had disclosed certain confidential information and records to Hawkins, Cochrane, and others in violation of various contractual obligations and common law fiduciary duties. The case was referred to the docket of Chief Judge McManus who on February 13, 1978 issued an order deciding a number of

pretrial motions. The order granted IBP's motion for a protective order preventing disclosure of IBP's confidential business information and limiting its use to defense counsel and to Hawkins and Cochrane for the purposes of the consolidated Texas cases.

Over a period of time, it appears that the House Subcommittee on SBA and SBIC Authority and General Small Business Problems (the Subcommittee) of the House Committee on Small Business has become interested in alleged price-fixing or other antitrust violations in the meat industry. In that connection, the Subcommittee served Hawkins and Cochrane with congressional subpoenas duces tecum compelling them to produce a number of documents, including some which were subject to the protective order issued in connection with the consolidated Texas cases. Hawkins and Cochrane moved to dissolve the protective order. The motion was denied by United States District Judge William M. Taylor, who held that the Subcommittee's attempt to subpoena the documents covered by the protective order violated the due process clause. *In Re Beef Industry Antitrust Litigation,* 457 F.Supp. 210 (N.D.Tex.1978). Judge Taylor's decision is currently on appeal to the Fifth Circuit.

Frustrated to this point in its efforts to obtain this material in the Texas proceedings, the Subcommittee changed tactics. In late October, 1978 it served a similar subpoena duces tecum on Bagley, requiring him to produce a number of documents covered by Judge McManus' protective order. Bagley moved to dissolve the protective order and IBP opposed the motion. By order filed November 24, 1978 Judge McManus granted Bagley's motion and lifted the protective order to the extent necessary to allow Bagley to comply with the subpoena.

John M. Fitzgibbons, Special Counsel to the Subcommittee, was apprised of Judge McManus' order in a telephone conversation the same day. On November 27 a Subcommittee investigator, Nick Wultich, appeared at the offices of Bagley's counsel and took physical possession of seven boxes of documents.

IBP's counsel learned of the order on November 28, and subsequently learned that the Subcommittee had acquired the documents. On November 30 IBP filed a notice of appeal from the order lifting the protective order. On December 4 IBP filed this motion for a stay and other appropriate relief. By order dated December 4 Judge Henley stayed the district court order pending a hearing before a panel of the court and recited an agreement whereby the Subcommittee and its staff would take no action with respect to the documents until, and including, December 16. The matter came on for a hearing before this panel on December 12.

Having carefully considered the papers and oral arguments submitted by IBP and the Subcommittee, whose Special Counsel appeared specially, we are of the opinion that a stay of the district court order is both inappropriate and unnecessary at this time.

We begin by noting the very limited scope of Judge McManus' order. The protective order of February 13 remains in effect as to all other parties to the litigation and as to any disclosure by Bagley other than as necessary to comply with the subpoena.

■ In regard to the disclosure to the Subcommittee, it has represented in its papers filed in this court and during oral argument that it has no intention of making public any of these documents, if ever, until after the House of Representatives begins its next session in January, 1979. In good faith, we must accept these representations made by members of a coordinate branch of government at face value. We are further assured that the Subcommittee and its Special Counsel will take all appropriate precautions to insure that these documents are disclosed only to the extent necessary to allow the Subcommittee staff to begin the job of collating and classifying the information contained therein. In present circumstances any disclosure beyond the immediate needs of the Subcommittee and its staff would appear to be both

unnecessary and a matter of grave import for all concerned.

Given the Subcommittee's representations to us and the limited nature of Judge McManus' order, we are of the opinion that granting a stay and compelling the return of the documents at this time is both unnecessary as a practical matter and inappropriate as a matter of comity. Such action would inevitably, albeit erroneously, be viewed as an expression of our lack of faith in the Subcommittee's representations to us. Such an expression would be particularly inappropriate in view of the Subcommittee's past cooperation with this court.

We are aware that this case presents serious jurisdictional and substantive questions and implicates fundamental concepts of legislative and judicial authority. Accordingly, we deem it appropriate that the case be heard on an expedited basis. The case will be scheduled for argument on the merits on January 9, 1979, and the Clerk is directed to work out an appropriate briefing schedule with the parties.

The motion for a stay pending appeal and for other appropriate relief is denied.