**Laurie W. TOMLINSON, District Director of Internal Revenue for the District of Florida, Appellant,**

v.

**FLORIDA IRON AND METAL, INC., Appellee.**

**No. 18850.**

United States Court of Appeals
Fifth Circuit.

June 14, 1961.

Myron C. Baum, Atty., Louis F. Oberdorfer, Asst. Atty. Gen., Lee A. Jackson, Robert N. Anderson and David O. Wal-

ters, Attys., Dept. of Justice, Washington, D. C., Don M. Stichter, Asst. U. S. Atty., Tampa, Fla., E. Coleman Madsen, U. S. Atty., Miami, Fla., for appellant.

Roger L. Davis, Fort Lauderdale, Fla., Robert W. Patton, Leonard M. Anton, Tampa, Fla., for appellee.

Before TUTTLE, Chief Judge, RIVES, Circuit Judge, and DE VANE, District Judge.

TUTTLE, Chief Judge.

This is an appeal from an order denying a motion by appellant District Director of Internal Revenue to disqualify one Roger L. Davis, an attorney of record for appellee, under the provisions of 5 U.S.C.A. § 99.[1]

The facts are not in dispute. The suit between Florida Iron and Metal, Inc. and the appellant is a suit for the recovery of taxes alleged to have been illegally collected by him as Director of Internal Revenue for the District of Florida. Before it was filed, claims for refund were filed with the Internal Revenue Service as required by law. These claims were disallowed and suit followed. At the time that the claims were pending and at the time the suit was filed Davis was an attorney in the office of the Chief Counsel of the Internal Revenue Service, and thus was an attorney employed in the office of the general counsel for the Department of the Treasury. Within two years of the termination of his employment in the Treasury Department Davis was employed as an attorney for the taxpayer and appeared in court proceedings in connection with the litigation. Thereupon the appellant filed a motion to disqualify him from such appearance and employment. The district court denied the motion. This appeal followed.

■ We have the threshold question whether such an order is appealable. We conclude that it is under the principle announced in Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528, and applied by this Court in Tomlinson v. Poller, 5 Cir., 220 F.2d 308, 311. As we said in the Poller case, this is "a matter entirely disconnected with the principal contention of the taxpayers in the pending suit," and, "This order constitutes a final decision on that ancillary matter." Here, if the order was in error, the harm resulting therefrom is in the nature of the frustration of a public policy which cannot be avoided or mitigated by any appeal taken after the trial, with Davis participating, is finally ended. See in this connection Overby v. United States Fidelity and Guaranty Co., 5 Cir., 224 F.2d 158.

■ We next come to the motion to dismiss the appeal for mootness. The two year period as to which the statute would be applicable if it covers this case expired on April 20, 1961. It is not disputed that the employment under which Davis appeared in court in this case is continuing employment. It was so conceded on oral argument in this Court. We think that if Davis was disqualified under the law to accept such employment, then the order of the trial court refusing to disqualify him is appealable so long as he is continuing to act under such illegal engagement.

■ Coming now to the merits of the controversy, we find two principal contentions made by the appellee: First, the statute does not apply to services performed in court by the persons mentioned, but forbids only the pursuit of claims within the departments of the government. Second, it does not apply to a suit for refund for taxes against an Internal Revenue Director because this is not a "claim against the United States."[¬]

---

1. "It shall not be lawful for any person appointed as an officer, clerk, or employee in any of the departments, to act as counsel, attorney, or agent for prosecuting any claim against the United States which was pending in either of said Departments while he was such officer, clerk, or employee, nor in any manner, nor by any means, to aid in the prosecution of any such claim, within two years next after he shall have ceased to be such officer, clerk, or employee." 5 U.S. C.A. § 99.

It is not disputed that Davis was an employee in a department of the government; nor is it disputed that the claims for refund of taxes were actually filed and were actually pending in the Internal Revenue Service while Davis was in the Chief Counsel's office. It is not alleged that he had any knowledge about the claims. Such knowledge is irrelevant under this particular statute.

■ As to the first contention, that the statute does not apply to actions in court, but only to pursuing claims administratively, we say only that we think the language of the section is not reasonably susceptible to any such restrictive construction. The prohibition is directed toward any former employee acting "as counsel, attorney, or agent for prosecuting any claim against the United States which was pending in [the] department[s] while he was" employed. No decision has been cited in which the court has applied this statute as urged on us by the appellee. We think the dictum in United States v. Bergeson, D.C., 119 F.Supp. 459, is not persuasive.

■ Turning finally to the argument that this is not a claim against the United States because it is a suit against the Director, we think appellee is too much preoccupied with the undoubted distinction between a *suit* against the United States and a *suit* against a Director of

Internal Revenue. This Court has, as it must, recognized this distinction. Perry v. Allen, 5 Cir., 239 F.2d 107. The Supreme Court has clearly drawn the distinction. United States v. Nunnally Investment Co., 316 U.S. 258, 62 S.Ct. 1064, 86 L.Ed. 1455. However, the Supreme Court, while refusing to abandon the historical view of the matter, has pointed out that in substantially all except procedural aspects the *claim* that is being asserted is in fact a *claim* against the Government. See Moore Ice Cream Co. v. Rose, 289 U.S. 373, 53 S.Ct. 620, 77 L.Ed. 1265. Nothing demonstrates this more clearly than the provisions of 28 U.S.C.A. § 2006, the statutory provision authorizing a certificate of probable cause.[2] Under this section the issuance of such certificate actually prohibits the enforced collection of the amount of the judgment from the collector. To say under these circumstances that a lawyer is not prosecuting a claim against the government when his entire aim is to procure a judgment followed by a certificate of probable cause is little more than a play on words.

We conclude that the statute prohibits the acts engaged in by Davis in the District Court and that the government's motion should have been granted.

The order is set aside and the case remanded to the trial court for the entry of an appropriate order.

---

2. "§ 2006. Execution against revenue officer.
  "Execution shall not issue against a collector or other revenue officer on a final judgment in any proceeding against him for any of his acts, or for the recovery of any money exacted by or paid to him and subsequently paid into the Treasury, in performing his official duties, if the court certifies that:

  "(1) probable cause existed; or
  "(2) the officer acted under the direction of the Secretary of the Treasury or other proper Government officer.
  "When such certificate has been issued, the amount of the judgment shall be paid out of the proper appropriation by the Treasury."