Alvin W. FULLMER et al.,
Plaintiffs-Appellees,

v.

George HARPER, Individually and as President, et al., Defendants-Appellants.

No. 75–1162.

United States Court of Appeals,
Tenth Circuit.

Argued April 29, 1975.

Decided May 6, 1975.

Rehearing Denied June 10, 1975.

Walter C. Brauer III and Mark N. Simons, Denver, Colo. (John J. Gibbons, Denver, Colo., on the brief), for defendants-appellants.

Barrie G. Sullivan II, Denver, Colo. (William E. Myrick and Myrick & Newton, Denver, Colo., on the brief), for plaintiffs-appellees.

Before BREITENSTEIN, McWILLIAMS and DOYLE, Circuit Judges.

PER CURIAM.

Fullmer, and others, brought an action in the United States District Court for the District of Colorado against Harper, and others, under the Labor Management Reporting and Disclosure Act of 1959, seeking injunctive relief and money damages. Fullmer and the other plaintiffs are members of Teamsters Construction Workers Local Union No. 13. The defendants are officers of Local No. 13, and are sued individually and in their official capacities as officers of Local No. 13.

The defendants filed an answer joining issue with the several allegations in the complaint. The defendants then filed a verified motion to disqualify one of Fullmer's attorneys, a Mr. William Myrick, on the grounds that Mr. Myrick had a conflict of interest because of a prior attorney-client relationship existing between himself and the defendant, Harper, which relationship pertained to the general subject matter out of which the present controversy had arisen. This motion to disqualify came on for hearing before the trial court, at which time, after colloquy between court and counsel, in which counsel made some "offers of proof," the motion was denied. Harper then filed a notice of appeal directed to this order of the trial court.

At the outset there is some suggestion that an order of a trial court denying a motion to disqualify counsel is a non-appealable interlocutory order and not a final decision within the meaning of 28 U.S.C. § 1291. Our study of the matter convinces us that the order of the trial court in the instant case is a final decision within the meaning of § 1291. See Draganescu v. First National Bank of Hollywood, 502 F.2d 550 (5th Cir. 1974); Silver Chrysler Plymouth, Inc. v. Chrysler Motors Corp., 496 F.2d 800 (2d Cir. 1974); United States v. Hankish, 462 F.2d 316 (4th Cir. 1972); Yablonski v. United Mine Workers of America, 147 U.S.App.D.C. 193, 454 F.2d 1036 (1971); Uniweld Products, Inc. v. Union Carbide Corporation, 385 F.2d 992 (5th Cir. 1967); and Tomlinson v. Florida Iron and Metal Inc., 291 F.2d 333 (5th Cir. 1961). For a contrary view, see Cord v. Smith, 338 F.2d 516 (9th Cir. 1964), where the court nonetheless treated the notice of appeal as a petition for a writ. For background on the general subject, see Cohen v. Beneficial Loan Corp., 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949).

We earlier granted Harper's request that there be a stay of all proceedings in the trial court till the present appeal has been resolved. Accordingly, the matter has been briefed and orally argued on an expedited basis. We now reverse on the grounds that the record before us is inadequate to permit a review of the action taken by the trial court.

In our view the verified motion to disqualify raises ethical questions that are conceivably of a serious nature. In such circumstance a written response should be required. The trial court should then hold a full evidentiary hearing on the issues posed by the motion to disqualify and the response thereto, which hearing should include the taking of testimony. A motion of this type should not be resolved on the basis of mere colloquy between court and coun-

sel. At the conclusion of such hearing the trial court should then make specific findings and conclusions, to the end that this court will then have a record before it which will permit a meaningful review, should review be sought.

Order reversed and cause remanded for further proceedings consonant with the views herein expressed.