525 F.2d 1216
 R. W. (Bill) GLENN, on behalf of himself and all similar
shareholders of National Bank of Commerce, Dallas,
Texas, Plaintiffs-Appellees,
v.
ARKANSAS BEST CORPORATION et al., Defendants-Appellants,
National Bank of Commerce of Dallas, Defendant-Appellant.
 No. 75--3446.
 United States Court of Appeals,
Fifth Circuit.
 Nov. 17, 1975.
Rehearing and Rehearing En Banc
Denied Jan. 19, 1976.
 
 John L. Hauer, Woodrow M. Bonesio, Dallas, Tex., for Nat. Bank of Commerce of Dallas.
 Jack Pew, Jr., D. L. Case, Dallas, Tex., Thomas Harper, Ft. Smith, Ark., for Ark. Best Corp.
 George H. Kolb, Dallas, Tex., for Michaux Nash, Sr.
 R. W. (Bill) Glenn, Plano, Tex., pro se.
 Before BROWN, Chief Judge, GODBOLD and GEE, Circuit Judges.
 
 BY THE COURT:
 
 1
 It is ordered that appellee's motions to dismiss the appeals are granted as no appealable orders are involved; the Court initimates no view on the ultimate merits.
 
 
 2
 Appeals from the United States District Court for the Northern District of Texas.
 
 
 3
 ON PETITION FOR REHEARING AND PETITION FOR REHEARING EN BANC
 
 
 4
 Before BROWN, Chief Judge, GODBOLD and GEE, Circuit Judges.
 
 PER CURIAM:
 
 5
 We do not abandon our precedent in this Circuit holding that a denial of a litigant's motion to disqualify counsel is appealable under 28 U.S.C.A. § 1291, see, Draganescu v. First National Bank, 5 Cir., 1974, 502 F.2d 550, 551, cert. denied, 421 U.S. 929, 95 S.Ct. 1655, 44 L.Ed.2d 86; Uniweld Products, Inc. v. Union Carbide Corp., 5 Cir., 1967, 385 F.2d 992, 994, cert. denied, 390 U.S. 921, 88 S.Ct. 853, 19 L.Ed.2d 980; Tomlinson v. Florida Iron and Metal, Inc., 5 Cir., 1961, 291 F.2d 333, 334. Rather, we granted the motion to dismiss this appeal by our order of November 17, 1975 and now deny rehearing because we believe that the real challenge in this case is that Glenn is an improper representative in the derivative.
 
 
 6
 In the class action setting, an order denying disqualification of counsel is not collateral to the main proceeding and is not a final disposition of the claimed right as required by 28 U.S.C.A. § 1291, if the purported conflict of interest for which disqualification is sought is entwined with the issue of whether the attorney is a proper representative of the class within the parameters of F.R.Civ.P. 23. See Handwerger v. Ginsberg et al., 2 Cir., 1975, 519 F.2d 1339, 1342. We believe the same holds true where the conflict of interest question is bound up in the determination of whether the attorney is a proper representative in a derivative suit on behalf of the corporation.
 
 
 7
 Because the appeal by the National Bank of Commerce from the District Court's order dated August 25, 1975 refusing to disqualify Glenn as counsel is substantially the same as its challenge in the District Court to the approval of Glenn as a proper representative in the derivative suit,[1] F.R.Civ.P. 23.1, we refuse to entertain an appeal of this order under 28 U.S.C.A. § 1291. Our Court has previously refused to certify this petitioner's interlocutory appeal under 28 U.S.C.A. § 1292(b) by our order of October 17, 1975.[2]
 
 
 8
 The Petition for Rehearing is denied and no member of this panel nor Judge in regular active service on the Court having requested that the Court be polled on rehearing en banc, (Rule 35 Federal Rules of Appellate Procedure; Local Fifth Circuit Rule 12) the Petition for Rehearing En Banc is denied.
 
 
 
 [1]
 Our Court by its order of September 18, 1975 refused to hear the appeal of Arkansas Best under § 1292(b) from the District Court's order dated August 22, 1975 certifying this case as a class action and approving the derivative suit. We dismissed a subsequent appeal under § 1291 on November 17, 1975
 
 
 [2]
 The interlocutory appeal under 28 U.S.C.A. § 1292(b) was given a different docket number, No. 75--8343, but concerns the same order of the District Court entered August 25, 1975 and the same factual circumstances