534 F.2d 82
 1976-1 Trade Cases 60,852
 Maynard B. MELAMED, Trustee in Bankruptcy for Laub Baking
Company, for Sandusky Baking Company, and for
Jersey Bread Company, Plaintiff-Appellee,
v.
ITT CONTINENTAL BAKING COMPANY, a corporation, and
International Telephone and Telegraph Corporation,
a corporation, Defendants-Appellants.
 No. 75-1970.
 United States Court of Appeals,
Sixth Circuit.
 Argued Feb. 19, 1976.
Decided April 27, 1976.
 
 Eric M. Oakley, Squire, Sanders & Dempsey, Cleveland, Ohio, John H. Schafer, Charles Lister, Johnathan M. Weisgall, Covington & Burling, Washington, D. C., Gordon A. Thomas, Craig D. Walley, ITT Continental Baking Co., Inc., Rye, N. Y., for defendants-appellants.
 Robert S. Balantzow, Nadler, Sokolsky, Bahas & Balantzow, Cleveland, Ohio, Stanley A. Walton, Winston & Strawn, Chicago, Ill., for plaintiff-appellee.
 Before PECK and MILLER,* Circuit Judges, and McALLISTER, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Defendants have appealed from an order of the district court, Northern District of Ohio, denying their motion to disqualify certain, but not all, of the attorneys representing plaintiff in this antitrust action.
 
 
 2
 In October, 1974, plaintiff, as trustee in bankruptcy for Laub Baking Company, Sandusky Baking Company and Jersey Bread Company (hereafter collectively referred to as "Laub"), initiated the present action in district court. The complaint, in four counts, alleges violations of the Sherman Act, 15 U.S.C. §§ 1, 2 (two counts), the Robinson-Patman Act, 15 U.S.C. §§ 13, 14, 15, 26 (one count), and the Ohio Valentine Act, Ohio Rev.Code § 1331.01 et seq. (one count as pendent claim to the federal causes of action). Generally, the plaintiff claims that, in an effort to create and maintain a monopoly in bakery goods in Northern Ohio and Southwestern Michigan, defendants (hereafter referred to collectively as "Continental") have engaged in "various predatory prices, discriminatory discounts, and price-wars." Further, plaintiff alleges that Continental "subsidized" its unprofitable marketing activity in the Northern Ohio and Southeastern Michigan region by utilizing financial resources drawn from its more profitable, monopolistic marketing operations in other regions of the United States. On account of the asserted monopolistic practices, plaintiff alleges that Laub was forced out of business in January, 1974.
 
 
 3
 On February 26, 1975, Continental filed a motion to disqualify the law firm of Winston & Strawn from further representation of plaintiff in the action. Subsequent to filing of the complaint in October, 1974, and prior to filing of the motion to disqualify in February, 1975, Continental filed an answer, filed and answered interrogatories, noticed a deposition, and permitted counsel for plaintiff to initiate an inspection of documents. Plaintiff filed interrogatories and requests for production of documents. On February 4, 1975, a protective order, which had been sought by Continental, was entered by agreement of the parties. The protective order provided that documents made available to plaintiff in response to plaintiff's initial request for documents were to be provided solely for purposes of the present action and were not to be used for any other purpose nor shown to persons not specified in the order.
 
 
 4
 On June 26, 1975, the district court denied Continental's motion to disqualify Winston & Strawn, concluding that "defendant has not made a sufficient showing of the necessity to disqualify Winston & Strawn as counsel for plaintiff" and that "plaintiff's right to counsel of his own choice should not be set aside without a demonstration of compelling reasons." Continental then filed a timely notice of appeal. Subsequently, plaintiff moved the district court to compel Continental's compliance with certain discovery demands. Continental then moved to deny plaintiff's motion or, alternatively, to stay all discovery pending appeal. On August 1, 1975, the district court denied all pending motions on the ground that it lacked jurisdiction. Plaintiff then moved this Court to dismiss the appeal for lack of jurisdiction or, in the alternative, either to order continuation of discovery pending appeal or to expedite the appeal. On November 5, 1975, this Court denied plaintiff's motion.
 
 
 5
 Initially, we are confronted with the issue of whether the district court's order denying Continental's motion for disqualification of Winston & Strawn is appealable at this stage of the proceedings as a final decision of the district court pursuant to 28 U.S.C. § 1291. While this precise issue has not previously been before this Court, other circuits considering the question have generally concluded that an order denying a motion for disqualification is appealable under 28 U.S.C. § 1291. Silver Chrysler Plymouth, Inc. v. Chrysler Motors Corp., 496 F.2d 800 (2d Cir. 1974) (en banc) (cases cited); see Kroungold v. Triester, 521 F.2d 763 (3d Cir. 1975); Fullmer v. Harper, 517 F.2d 20 (10th Cir. 1975); Yablonski v. United Mine Workers, 147 U.S.App.D.C. 193, 454 F.2d 1036 (1971) (dicta), cert. denied,406 U.S. 906, 92 S.Ct. 1609, 31 L.Ed.2d 816 (1972); Uniweld Products, Inc. v. Union Carbide Corp., 385 F.2d 992 (5th Cir. 1967), cert. denied, 390 U.S. 921, 88 S.Ct. 853, 19 L.Ed.2d 980 (1968). Contra, Cord v. Smith, 338 F.2d 516 (9th Cir. 1964).
 
 
 6
 In Cord, although an order denying a motion for disqualification was held not appealable under 28 U.S.C. § 1291, the court, treating the appeal from the order as a petition for a writ under the All Writs Act, 28 U.S.C. § 1651, stated at page 522:
 
 
 7
 Continued participation as an attorney, by one who is disqualified by a conflict of interest from so doing, will bring about the very evil which the rule against his participation is designed to prevent, and a subsequent reversal based upon such participation cannot undo the damage that will have been done as a result of such participation. We therefore proceed to the merits.
 
 
 8
 In holding that an order denying a motion for disqualification was appealable, the court in Silver Chrysler Plymouth, supra, stated at page 805-06:
 
 
 9
 . . . the order is collateral to the main proceeding yet has grave consequences to the losing party, and it is fatuous to suppose that review of the final judgment will provide adequate relief. . . .
 
 
 10
 By holding such an order directly appealable, we eliminate the uncertainties (and the paperwork) attendant to resorting to § 1292(b) and/or § 1651. Since the ultimate objective is to bring before an appellate court an important question which, if unresolved, might well taint a trial, why should not this question be presented before judicial and attorney time may have been needlessly expended?
 
 
 11
 We find the reasoning of Silver Chrysler Plymouth to be persuasive and hold the order in this case appealable because it is a "final disposition of a claimed right which is not an ingredient of the cause of action and does not require consideration with it." Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 541, 547, 69 S.Ct. 1221, 1226, 93 L.Ed. 1528, 1536 (1949).
 
 
 12
 Although we find that the district court's order is appealable, examination of the record discloses that the remaining issues on appeal cannot adequately be determined or disposed of until the district court has held a full evidentiary hearing on the issues posed by the motion to disqualify and the response thereto. The district court reached the conclusion that the motion to disqualify was not well taken, but apparently this conclusion was based upon briefs of counsel with one supporting affidavit filed with the movant's brief. It may be that the court also relied to some extent upon colloquies between the court and counsel. There is nothing in the record to indicate that an evidentiary hearing was held or a factual inquiry made to determine the basis or lack of basis for Continental's standing to maintain the motion to disqualify, or to determine the operative and controlling facts on which a decision could appropriately be made whether or not the motion to disqualify should be sustained. Under the circumstances, we are in agreement with the observations made by the Court of Appeals for the Tenth Circuit in Fullmer v. Harper, supra at 21-22:
 
 
 13
 In our view the verified motion to disqualify raises ethical questions that are conceivably of a serious nature. In such circumstance a written response should be required. The trial court should then hold a full evidentiary hearing on the issues posed by the motion to disqualify and the response thereto, which hearing should include the taking of testimony. A motion of this type should not be resolved on the basis of mere colloquy between court and counsel. At the conclusion of such hearing the trial court should then make specific findings and conclusions, to the end that this court will then have a record before it which will permit a meaningful review, should review be sought.
 
 
 14
 Accordingly, the order of the district court denying the motion to disqualify the attorneys, Winston & Strawn, is hereby vacated and the action is remanded to the district court for further proceedings consistent with the views herein expressed.
 
 
 
 *
 Judge Miller concurred in this opinion prior to his death on April 12, 1976