**MEAT PRICE INVESTIGATORS ASSOCIATION et al., Appellees,**

v.

**SPENCER FOODS, INC., a Delaware Corporation, Appellant,**

and

**Iowa Beef Processors, Inc., a Delaware Corporation, MBPXL Corporation, a Delaware Corporation, and Flavorland Industries, Inc., a Delaware Corporation.**

No. 77–1605.

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 11, 1978.

Decided March 3, 1978.

Gordon G. Busdicker (on brief), Faegre & Benson, Minneapolis, Minn., argued, for appellant; James B. Loken, Minneapolis, Minn., and Stephen F. Avery of Cornwall & Avery, Spencer, Iowa, on brief.

Lex Hawkins (argued), and Glenn L. Norris, Des Moines, Iowa, and John A. Cochrane (argued), St. Paul, Minn., on brief, for appellees.

Before GIBSON, Chief Judge, VAN OOSTERHOUT, Senior Circuit Judge, and ROSS, Circuit Judge.

ROSS, Circuit Judge.

This is an appeal from the district court's order denying a motion for severance of

defendant Spencer Foods, Inc., from this antitrust action and to disqualify Meat Price Investigators Association's (MPIA) attorneys, Lex Hawkins and John A. Cochrane, their law firms and associates, from prosecuting this or any similar action against Spencer Foods. We affirm.

## I.

On August 10, 1976, MPIA and others filed the underlying action against Iowa Beef Processors, Inc., MBPXL Corporation, Flavorland Industries, Inc., and Spencer Foods, Inc., in the United States District Court for the Southern District of Iowa for alleged violations of §§ 1 and 2 of the Sherman Act, 15 U.S.C. §§ 1 and 2. On April 11, 1977, Spencer Foods filed its motion for severance and disqualification based on an *ex parte* interrogation of Hughes A. Bagley, one of Spencer Foods' corporate officers, by MPIA's counsel, allegedly in violation of DR 7–104(A)(1) of the Iowa Code of Professional Responsibility for Lawyers.[1] The district court conducted evidentiary hearings on April 29 and May 10, 1977, and took the matter under advisement.

On June 7, 1977, prior to a ruling on Spencer Foods' motion, the Judicial Panel on Multidistrict Litigation transferred the antitrust action to the United States District Court for the Northern District of Texas. *See In re Beef Industry Antitrust Litigation*, 432 F.Supp. 211 (Jud.Pan.Mult. Lit.1977). Subsequently the Iowa court denied Spencer Foods' motion. *See Meat Price Investigators Association v. Spencer Foods, Inc.*, Civ.No. 76–252–2 (S.D.Iowa, filed June 24, 1977). Because there was a question of the proper venue for appeal, Spencer Foods docketed appeals in both this court and the United States Court of Appeals for the Fifth Circuit. Spencer Foods also filed a motion in this court to stay or to transfer the appeal to the Fifth Circuit to resolve the venue question. MPIA filed a cross-motion to dismiss on the ground that the order denying severance and disqualification was not appealable.

On September 19, 1977, this court entered an order (attached to this opinion as Appendix A) denying both Spencer Foods' motion to stay or to transfer and MPIA's motion to dismiss. We held that physical transfer of the original papers to a permissible transferee forum in another circuit did not deprive this court of jurisdiction to review an order entered subsequent to the transfer. Assuming that an appeal could properly be brought in either circuit, this court decided to assert jurisdiction, first because the order appealed from involves allegedly unethical conduct of attorneys in this circuit—a matter of considerable concern to this court; and also because it was determined that the ultimate decision would not materially impede the progress of pretrial proceedings in Texas. The parties were directed to brief the issue of the "finality" of the order denying severance and disqualification along with the merits of the appeal, and those issues are presently before this court.

## II.

■ MPIA argues that the order denying severance and disqualification is interlocutory and, under 28 U.S.C. § 1291, is not properly reviewable at this stage of the proceedings. We cannot agree. Subsequent to the order denying without prejudice MPIA's motion to dismiss, this court addressed the issue of whether an interlocutory appeal may be taken from an order denying disqualification of counsel. *See Weber, Inc. v. Shell Oil Co.*, 566 F.2d 602

---

1. DR 7–104(A)(1) of the Iowa Code of Professional Responsibility for Lawyers provides:

    (A) During the course of his representation of a client a lawyer shall not:
    (1) Communicate or cause another to communicate on the subject of the representation with a party he knows to be represented by a lawyer in that matter unless he has the prior consent of the lawyer representing such other party or is authorized by law to do so.

(8th Cir. 1977). We adopted the rule, followed in the Second,[2] Third,[3] Fifth,[4] Sixth,[5] Seventh,[6] and Tenth[7] Circuits, that an order denying a motion to disqualify meets the requirements of *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949), and is appealable. The merits are properly before us.

### III.

■ Spencer Foods' motion for severance and disqualification was based on a meeting held on January 30, 1977, between Bagley and two attorneys for MPIA, Hawkins and Cochrane. Spencer Foods contends that the attorneys' extensive questioning of Bagley without Spencer Foods' authorization or the presence of Spencer Foods' counsel violated DR 7–104 and prejudiced the company's ability to defend itself in the antitrust action.

After two evidentiary hearings wherein Bagley was the chief witness, the district court denied Spencer Foods' motion. The district court expressed serious reservations as to Bagley's credibility and, although not encouraging such practices, declined to condemn the conduct of MPIA's attorneys based on Bagley's testimony.

Even assuming that the conduct in question did violate DR 7–104, the district court held that severance and disqualification would not follow as a matter of course. It found that the issue before the court was whether the alleged misconduct tainted the lawsuit to the extent that Spencer Foods' motion need be granted. Finding an insufficient showing of prejudice, the court denied the motion. Furthermore, the district court held that to grant the motion, on the basis of the record before it, would be highly prejudicial to the plaintiffs, who would be burdened with expensive delays until other attorneys could familiarize themselves with the facts and law of the case.

Although the state bar association has the primary responsibility of adjudicating matters of professional ethics, the district court "bears the responsibility for supervision of the members of its bar." *See Hull v. Celanese Corp.*, 513 F.2d 568, 571 (2d Cir. 1975). The issue before this court is whether the district court's denial of Spencer Foods' motion was an abuse of discretion. *See W. T. Grant Co. v. Haines*, 531 F.2d 671, 676 (2d Cir. 1976); *NCK Organization Ltd. v. Bregman*, 542 F.2d 128, 131 (2d Cir. 1976); *Hull v. Celanese Corp., supra*, 513 F.2d at 571; *Allied Realty v. Exchange National Bank*, 408 F.2d 1099, 1103 (8th Cir.), *cert. denied*, 396 U.S. 823, 90 S.Ct. 64, 24 L.Ed.2d 73 (1969). We do not believe it was.

■ In determining whether an attorney should be disqualified from participating in a lawsuit because of an alleged violation of DR 7–104, three competing interests must be balanced: 1) the client's interest in being represented by counsel of its choice; 2) the opposing party's interest in a trial free from prejudice due to disclosures of confidential information; and 3) the public's interest in the scrupulous administration of justice. *Cf. Hull v. Celanese Corp., supra*, 513 F.2d at 570. The competing interests here presented a close question to the district court.

Although this court would be inclined to conclude that MPIA's counsel overstepped the bounds of responsible professional conduct, we agree with the district court's conclusion that there was not a sufficient showing of prejudice to warrant the denial to MPIA of representation by their chosen attorneys. Furthermore, we find that this result best serves the administration of justice.

The order denying Spencer Foods' motion is affirmed.

**2.** *Silver Chrysler Plymouth, Inc. v. Chrysler Motors Corp.*, 496 F.2d 800 (2d Cir. 1974).

**3.** *Greene v. Singer Co.*, 509 F.2d 750 (3d Cir. 1971).

**4.** *Tomlinson v. Florida Iron and Metal, Inc.*, 291 F.2d 333 (5th Cir. 1961).

**5.** *Melamed v. ITT Continental Baking Co.*, 534 F.2d 82 (6th Cir. 1976).

**6.** *Schloetter v. Railoc of Indiana, Inc.*, 546 F.2d 706 (7th Cir. 1976).

**7.** *Fullmer v. Harper*, 517 F.2d 20 (10th Cir. 1975).

## APPENDIX A

United States Court of Appeals,

Eighth Circuit.

No. 77–1605.

Meat Price Investigators
Assn., et al.,

    Appellees,

v.

Spencer Foods, Inc., a
Delaware corporation,

    Appellant,

and

Iowa Beef Processors, Inc.,
a Delaware corporation;
MBPXL Corporation, a
Delaware corporation; and
Flavorland Industries,
Inc., a Delaware
corporation.

Appeal from the United
States District Court
for the Southern District
of Iowa.

Sept. 19, 1977.

Before BRIGHT, WEBSTER and HENLEY, Circuit Judges.

### ORDER

This case is currently before us for decision on appellant's motion to stay or transfer the appeal and on appellees' motion to dismiss for lack of jurisdiction pursuant to Eighth Circuit Rule 9(b).

Appellees began this action on August 10, 1976 by filing a complaint in the District Court for the Southern District of Iowa. The complaint alleged that appellant and three other meat packers violated §§ 1 and 2 of the Sherman Act, 15 U.S.C. §§ 1, 2, by conspiring to restrain trade in the fat cattle industry.

On September 2, 1976 the Judicial Panel on Multidistrict Litigation (the Panel) issued an order transferring several other pending actions brought by cattle producers against supermarket chains to the Northern District of Texas for coordinated or consolidated pretrial proceedings pursuant to 28

U.S.C. § 1407. *In re Beef Industry Antitrust Litigation,* 419 F.Supp. 720 (Jud.Pan. Mult.Lit.1976). On September 20, 1976 the Panel issued an order to show cause why the instant action should not also be transferred to the Northern District of Texas. A hearing on the show cause order was held on December 3, 1976, at which all parties to this litigation appeared and opposed the transfer.

On April 11, 1977 appellant filed a motion in the Southern District of Iowa to disqualify appellees' attorneys.[1] Evidentiary hearings on the motion were held on April 29 and May 10. Appellant's post-hearing brief was filed on June 7 and appellees' post-hearing brief was filed on June 8.

On June 7 the Panel issued an order directing that the instant case be transferred to the Northern District of Texas. On June 13 the Clerk of the Southern District of Iowa transmitted the files in this case to the Northern District of Texas. On June 20, 1977 appellant filed a post-hearing reply brief in the Northern District of Texas.

On June 24 Chief Judge Hanson of the Southern District of Iowa issued an order denying appellant's motion to disqualify. On June 30 a certified copy of this order was filed in the Northern District of Texas. Appellant filed a notice of appeal in the Northern District of Texas on July 21 and the Southern District of Iowa on July 22.

The appeal was docketed in this court on August 4, accompanied by appellant's motion for a stay or transfer to the Fifth Circuit. Appellees' resistance to the motion to stay or transfer and their motion to dismiss were filed August 11. On August 19 the appeal was docketed in the Fifth Circuit.

Prior to discussing the pending motions, we face a threshold question about our jurisdiction to hear any appeal from the district court regarding this case. Some cases have held that the physical transfer of the original papers in a case to a permissible

---

1. The motion alleged that appellees' attorneys had violated the Code of Professional Responsibility by engaging in direct communication with a person with an adverse interest without informing that person's attorney.

transferee forum in another circuit deprives the transferor circuit of jurisdiction to review the transfer. *See, e.g., Starnes v. McGuire*, 168 U.S.App.D.C. 4, 512 F.2d 918 (1974); *Drabik v. Murphy*, 246 F.2d 408 (2d Cir. 1957). These cases are not controlling here, because they deal with review of a transfer order itself under 28 U.S.C. § 1404(a), rather than review of an order entered subsequent to a transfer under 28 U.S.C. § 1407. In addition, the rationale behind this rule is based largely on the appealing party's failure to seek a stay of the transfer order prior to physical transmission of the files. *See, e.g., Drabik v. Murphy, supra*, 246 F.2d at 409. This rationale loses its force when the order sought to be appealed from was entered subsequent to the physical transfer of the files. We hold that the district court's transfer of the files does not *ipso facto* deprive us of jurisdiction to hear this appeal.

*Appellant's Motion to Stay or Transfer*

The thrust of this motion is that this appeal should be transferred to the United States Court of Appeals for the Fifth Circuit.[2] Assuming that an appeal could properly be brought in either circuit,[3] we must decide whether to assert jurisdiction based on traditional considerations of judicial efficiency and fairness to, and convenience of, the parties. Both parties have thoroughly discussed the policy considerations relevant to our determination, and we need not reiterate them in detail. Suffice it to say that both positions have some merit.

Two considerations lead us to the conclusion that we should assert jurisdiction over this matter. First, the order appealed from involves the allegedly unethical conduct of attorneys in this circuit, a matter of considerable concern to this court. Second, we are convinced that our ultimate decision in this case, whatever it may be, will not materially impede the progress of the pretrial proceedings in the transferred cases in Texas. Accordingly, appellant's motion to stay or transfer is denied.

*Appellees' Motion to Dismiss*

Appellees contend that an order denying a motion to disqualify an attorney is not a final order under 28 U.S.C. § 1291, and is thus not appealable.

Six courts of appeals have held such orders appealable under the collateral order rule enunciated in *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 546–47, 69 S.Ct. 1221, 93 L.Ed.2d 1528 (1949). *See Schloetter v. Railoc of Indiana, Inc.*, 546 F.2d 706, 709 (7th Cir. 1976) (order granting motion to disqualify); *Melamed v. ITT Continental Baking Co.*, 534 F.2d 82, 84 (6th Cir. 1976); *Kroungold v. Triester*, 521 F 2d 763, 765 (3d Cir. 1975); *Fullmer v. Harper*, 517 F.2d 20, 21 (10th Cir. 1975); *Silver Chrysler Plymouth, Inc. v. Chrysler Motors Corp.*, 496 F.2d 800, 804–05 (2d Cir. 1974 (en banc), *overruling Fleischer v. Phillips*, 264 F.2d 515 (2d Cir.), *cert. denied*, 359 U.S. 1002, 79 S.Ct. 1139, 3 L.Ed.2d 1030 (1959); *Uniweld Products, Inc. v. Union Carbide Corp.*, 385 F.2d 992, 994 (5th Cir. 1967), *cert. denied*, 390 U.S. 921, 88 S.Ct. 853, 19 L.Ed.2d 980 (1968). One circuit has recently decided that such an order is not appealable under *Cohen*. *See Community Broadcasting of Boston, Inc. v. FCC*, 178 U.S.App. D.C. 256, 546 F.2d 1022, 1027 (1976). We have yet to rule on the question.

Because of the unsettled nature of the question, we decline to render a decision until we are presented with an adequate record and a more complete discussion of the issue by the parties. We thus deny appellees' motion to dismiss, without prejudice, and direct the parties to brief this jurisdictional issue along with the merits of the appeal.

The unusual posture of this case compels us to make further comment. We assume

---

2. The motion is premised on this court's inherent power to transfer a case to another circuit. *See, Farah Mfg. Co. v. NLRB*, 481 F.2d 1143, 1145 (8th Cir. 1973).

3. Both appellant and appellees assume that an appeal from the district court's order would lie to the Fifth Circuit and, solely for the purpose of ruling on this motion, we acquiesce in that assumption.

that the Clerk of this court will be able to call upon the Clerk of the court for the Fifth Circuit and for the Northern District of Texas for assistance in obtaining a full and complete record upon which to base our decision. Inevitably, however, problems of communication and coordination may arise. We remind the parties that we expect nothing less than their total cooperation in assuring the availability and integrity of the record in this case.