GERALNES B.V., a Netherlands corporation; Manikin Investments B.V., a Netherlands corporation; and Dolbos B.V., a Netherlands corporation, Plaintiffs,

v.

CITY OF GREENWOOD VILLAGE, COLORADO, a municipal corporation; the City Council of the City of Greenwood Village, Colorado; Frederick C. Fisher, individually and as Mayor of the City of Greenwood Village, Colorado; Charles Harmon, Natli Molloy, Baiba Sarkans, James Talman, Dorothy Wilson, Joe Marceny, Henry Seetch and Mari Schmidt, as Members of the City Council of the City of Greenwood Village, Colorado; Paul McMath, individually; Diane Writer, as Chairman of the Planning and Zoning Commission of the City of Greenwood Village, Colorado; Steven L. Schroder, individually and as Director of the Department of Community Development of the City of Greenwood Village, Colorado; Tech Center Building Co., a Colorado partnership; Columbia Savings and Loan Association, a Colorado corporation; United Air Lines, Inc., a Delaware corporation; Rosenberg Real Estate Equity Fund-I, Inc., a Delaware corporation; the Great-West Life Assurance Company, a Canadian corporation; I.T.C. Orchard Plaza Corporation, a Colorado corporation; Block Five Partnership, a Colorado partnership; the Romarlin Co., a New York general partnership; Denver Colorado Associates, a New York general partnership; Country Land Corporation, a New York corporation; the Aremel Company, a New York general partnership; John R. Elkins; Bruce B. Johnson, Defendants.

Civ. A. No. 83–K–1132.

United States District Court,
D. Colorado.

May 15, 1985.

David G. Palmer, Charles Johnson, Holland & Hart, Denver, Colo., for plaintiffs.

Harris D. Sherman, Andre M. Reiman, James E. Scarboro, Arnold & Porter, Denver, Colo., J. Mark Hannen, Banta, Hoyt, et al., Englewood, Colo., for city defendants.

Richard O. Campbell, Montgomery, Little Young, Campbell & McGrew, P.C., Denver, Colo., for United Airlines.

Alan M. Loeb, Denver, Colo., for Rosenberg Real Estate Equity Fund-1, Elkins and Johnson.

Joseph M. Montano, Gorsuch, Kirgis, Campbell, Walker & Grover, Denver, Colo., for Great-West Life.

Patrick F. Kenney, Fairfield and Woods, Denver, Colo., for Columbia Sav.

Janet C. Perriman, Morrison & Foerster, Denver, Colo., for ITC Orchard Plaza Corp.

## ORDER

KANE, District Judge.

Plaintiffs have moved to disqualify defendants' counsel, Arnold & Porter, from further participation in this case. The plaintiffs charge that Arnold & Porter, in violation of Disciplinary Rules 1–102(A)(2) and (4), induced violations of Disciplinary Rule 4–101 of Canon 4 of Colorado's Code of Professional Responsibility. They allege Arnold and Porter has pursued and obtained privileged communications, directly involving disputed issues in this lawsuit, made to attorneys employed by an investment group to which William Pauls belonged and a company to which plaintiffs claim to be successors in interest.

As required by *Fullmer v. Harper*, 517 F.2d 20 (10th Cir.1975), I held a hearing. The motion was submitted on affidavits, memoranda exhibits and deposition testimony and hearing exhibits. Although the *Fullmer* decision's premise concerning the finality of rulings on motions to disqualify has been reversed by *Firestone v. Risjord*, 449 U.S. 368, 101 S.Ct. 669, 66 L.Ed.2d 571 (1980), the motion raises serious ethical issues which merit discussion. My findings and conclusions herein are prolusory. They are not to be construed as applying to issues other than are involved in this motion. *City Consumer Services, Inc. v. Horne*, 571 F.Supp. 965, 968 (D.Utah 1983); *Greenebaum-Mountain Mrtg. Co. v. Pioneer Title Nt'l. Ins. Co.*, 421 F.Supp. 1348, 1349 (D.Colo.1976).

Disciplinary Rules 1–102(A)(2) and (4) provide, respectively, that a lawyer shall not circumvent a disciplinary rule through the actions of another or engage in conduct involving dishonesty, fraud, deceit, or misrepresentation. The pertinent parts of DR 4–101 state:

(A) "Confidence" refers to information protected by the attorney-client privilege under applicable law, and "secret" refers to other information gained in the professional relationship that the client has requested be held inviolate or the disclosure of which would be embarrassing or would likely be detrimental to the client.

(B) Except when permitted under DR 4–101(C), a lawyer shall not knowingly:

(1) Reveal a confidence or secret of his client.

(2) Use a confidence or secret of his client to the disadvantage of the client.

(3) Use a confidence or secret of his client for the advantage of himself or of a third person, unless the client consents after full disclosure.

(C) A lawyer may reveal:

(1) Confidences or secrets when permitted under Disciplinary Rules or required by law or court order....

The attorney-client privilege protects the confidentiality of communications between attorney and client made for the purpose of securing legal advice. The privilege was recognized as early as the reign of Elizabeth I. As originally expressed, it belonged to the attorney who, as a punctilio of honor was obliged to protect a client's secrets. By the late 1700's, however, this explanation had been replaced by the contemporary one that the privilege belongs to the client. The purpose of the rule is to encourage clients to speak openly with their attorneys when obtaining legal advice. *See* 8 J. Wigmore, Evidence, §§ 2290, 2291.

One of the attorneys whom Arnold & Porter interviewed, George Glasier, was formerly employed by Denver Technological Center, Inc., an entity which has apparently neither existed nor owned any interest in the Tech Center since 1979. Glasier reported to DTC, Inc.'s management regarding its relationship with Greenwood Village, as well as other matters. The other attorney interviewed by Arnold & Porter, Leonard R. Liss, was retained by William Pauls who led an investment group which purchased some or all of Denver Technological Center, Inc. The group has also participated in the creation of numerous foreign corporations.

Arnold & Porter interviewed Liss and Glasier and prepared affidavits for their signatures. Glasier signed his affidavit. The conduct of Arnold & Porter became an issue in this case when Liss, the former attorney for the Pauls group, contacted plaintiffs' attorneys after becoming worried that he may have divulged a former client's confidences. Neither Glasier's nor Liss's former clients are parties to this suit, nor have plaintiffs alleged that Arnold & Porter violated any confidences of Arnold & Porter's own former clients.

The trail of corporate entities, through which plaintiffs claim successorship to Denver Technological Center, Inc. and William Pauls, is exceedingly convoluted. *See e.g.* deposition of Victor M. Seabrook. Approximately thirty corporations in some half a dozen countries, some of which corporations are shielded by national secrecy laws preventing discovery of the owners' identities are involved.

It is plaintiffs' burden to establish grounds in support of their attempt to exclude their adversaries' counsel from further participation in this suit. Plaintiffs have not met their burden. Defense counsel may or may not have obtained information to which former clients of the two attorneys are entitled to protection. Such is not, however, sufficient cause to force defendants to hire and undertake the expensive education of substitute counsel to represent them in this complex litigation. A Colorado attorney may not, other than as allowed by DR 4–101(C), reveal the confidences of a former client. In the case at bar, however, the relationship of the attorneys' former clients to plaintiffs is not ascertainable.

Plaintiffs have failed to show Arnold & Porter owed any duty to former clients of Liss and Glasier, even if, arguendo, plaintiffs are successors in interest to former clients of Liss and Glasier. Plaintiffs' sole citation of authority for this assertion is the Ninth Circuit's 1979 opinion which has been removed from publication pending rehearing, *American Protection Insurance Co. v. MGM Grand Hotel—Las Vegas.* The *MGM* case addresses ethical issues which arose during the litigation of the victims' claims after the destruction by fire of the Las Vegas MGM Grand Hotel. That opinion considered an egregiously underhanded, willful and knowing raid of an opposition's expert who was privy to opposing counsel's work product and trial strategies.

Plaintiffs have not shown that Arnold & Porter proceeded in any manner other than with cautious regard for the disciplinary rules. Before interviewing Liss and Glasier, Arnold & Porter asked both attorneys whether they were violating any privileged communications of their former clients. Both Liss and Glasier opined they were not. Although plaintiffs' counsels' feathers have apparently been ruffled by Liss and Glasier's communications with Arnold & Porter, it is not Arnold & Porter's re-

sponsibility after having broached the issue with Liss and Glasier, to protect these attorneys' former clients' privileged communications. If either was unsure about the extent of his former client's privilege, the duty fell not on Arnold & Porter but on him to consult with his former client.

Arnold & Porter also made known to plaintiffs' counsel their intention to interview the two attorneys. I find no indication that Arnold & Porter induced any breach of Disciplinary Rule 4. There was apparently a misunderstanding between counsel as to the time and place of one interview. Plaintiffs have not, however, shown that Arnold & Porter committed any fraud, deceit or otherwise willfully violated either the Code of Professional Responsibility or rudimentary courtesy.

IT IS ORDERED:

(1) Plaintiffs' motion to disqualify is denied;

(2) Stay of discovery is lifted;

(3) Discovery cutoff date is extended to June 30, 1985;

(4) Defendants shall file a response to plaintiffs' motion for partial summary judgment by June 1, 1985; and