**In re JOINT EASTERN AND SOUTHERN DISTRICTS ASBESTOS LITIGATION.**

**In re KEENE CORPORATION.**

**KEENE CORPORATION, Plaintiff**

v.

**Joseph FIORELLI, Victor Dacey, Leonard Saks, Michael Moe, X Corporation, Z Corporation, and all others similarly situated, Defendants.**

**No. CV 93–2129.**

United States District Court,
E.D. and S.D. of New York.

Dec. 6, 1993.

---

Weitz & Luxenberg by Perry Weitz, New York City, for present claimants.

Levy, Phillips & Konigsberg by Stanley J. Levy, New York City, for Judgment Creditors.

Edward T. Dangle, III, Law Offices of Edward D. Dangel, Ill, Boston, MA, for property damage of claimants.

Carter, Ledyard & Milburn by James W. Rayhill, New York City, for third-party Mfrs.

Prof. Sherman Cohn, Washington, DC, for future claimants.

Beatie, King & Abate by Russell Beatie, New York City, for Keene Corp.

David I. Shapiro, Dickstein, Shapiro & Morin by David I. Shapiro, Thomas W. Mack, Special Master.

### CORRECTED MEMORANDUM AND ORDER REFERRING CASE TO TRANSFEREE COURT FOR DISMISSAL

WEINSTEIN, District Judge.

The question posed is whether in a multidistrict litigation the transferor district court should enter an order mandated by the transferor court's circuit court of appeals. For the reasons indicated below, the mandate should be referred to the transferee district court in which the action is pending. The following chronology indicates how the problem arose.

*May 13, 1993.* Keene Corporation brought an action alleging that its assets were limited and asking the court to certify a class of hundreds of thousands of present and prospective asbestos-injured claimants for the purpose of facilitating an equitable settlement of its liabilities to present and future claimants.

*May 19, 1993.* The court referred to Special Master Marvin E. Frankel for hearing and report the issue of whether Keene's limited assets placed in jeopardy the collection of present and prospective asbestos-related personal injury and wrongful death awards against the company.

*June 29, 1993.* Special Master Frankel issued a final report that found Keene's assets insufficient to satisfy claimants.

*July 1, 1993.* This court adopted Special Master Frankel's report, found that Keene was a limited fund, issued a preliminary injunction, and certified a limited-fund class. Fed.R.Civ.P. 23(b)(1)(B). Settlement negotiations began with the assistance of Special Master David I. Shapiro. The parties agreed that, upon settlement, the parties would be realigned and a new complaint filed in the traditional Rule 23 form, with claimants acting as plaintiffs and Keene as defendant.

*July 13, 1993.* A notice of appeal was filed in the Court of Appeals for the Second Circuit.

*October 12, 1993.* While the appeal was pending, the Multidistrict Litigation ("MDL") Panel issued an order transferring the case to the Eastern District of Pennsylvania. 28 U.S.C. § 1407(a). The order became effective that day when it was filed in the Eastern District of Pennsylvania. 28 U.S.C. § 1407(c). *See* Patricia D. Howard, *A Guide to Multidistrict Litigation,* 124 F.R.D. 479, 481 (1989). On the same day, this court closed the case and sent it to the transferee court.

*October 29, 1993.* The appeal was argued in the Second Circuit Court of Appeals.

*November 19, 1993.* The parties informed this court that the case had been settled.

*November 22, 1993.* By order of this court, the Clerk of the Court for the Eastern District of New York notified the District Court for the Eastern District of Pennsylvania and the Court of Appeals for the Second Circuit of the settlement.

*December 1, 1993.* The Court of Appeals for the Second Circuit issued an opinion vacating the order and preliminary injunction of this court on the basis of lack of Article III case or controversy jurisdiction, and ordering dismissal of the complaint for lack of subject matter jurisdiction. 14 F.2d 726.

*December 2, 1993.* Keene filed a petition for rehearing in the court of appeals.

*December 3, 1993.* Keene filed for Chapter 11 bankruptcy protection in the Southern District of New York.

*December 6, 1993.* The mandate from the Court of Appeals for the Second Circuit was received by the Clerk of the Court for the Eastern District of New York.

As indicated, the issue now is whether the District Court of the Eastern District of New York should 1) follow the literal mandate of the Court of Appeals for the Second Circuit and dismiss the case, 2) refer the mandate to the transferee court in the Eastern District of Pennsylvania where the case is now pending, or 3) take no action in view of the automatic stay resulting from the bankruptcy proceeding in the Southern District of New York.

■ The Second Circuit was seized of jurisdiction over the appeal. It did not lose jurisdiction when the action was transferred to a district in another circuit by the transfer order of the MDL Panel.

Section 1407 of Title 28 of the United States Code, dealing with multidistrict transfer orders, does not tell us how an MDL transfer order affects an appeal pending in the transferor circuit. One transferor circuit court has held that jurisdiction over an appeal of an order of the transferor district court, commenced *after* an MDL transfer, is proper in the transferor circuit where the order involved the conduct of attorneys in the transferor circuit and where the decision would not impede the progress of the pro-

ceedings in the transferee district. *Meat Price Investigators Ass'n v. Spencer Foods, Inc.,* 572 F.2d 163, 164 (8th Cir.1978). *Cf.* Rule of Procedure of the Judicial Panel on Multidistrict Litigation 19(b), Transfer of Files, 28 U.S.C. foll. § 1407 (assumes that appeal is not void; the file on appeal should be copied and a copy sent to the transferee district court).

In cases such as the present one, exercise of continuing jurisdiction by the appellate court of the transferor circuit can be a wise use of scarce appellate court resources. Dismissal of the appeal in the Second Circuit, requiring a new appeal in the Third Circuit, would have increased cost and slowed disposition. In other instances discretion in the transferor court's circuit court of appeals to dismiss the appeal may be warranted. *Cf.* 15 Charles A. Wright, Arthur W. Miller & Edward H. Cooper, *Federal Practice and Procedure: Jurisdiction 2d,* § 3866 (1993) (transferor judges should defer to the transferee court on pretrial motions to avoid conflict between the courts).

■ Generally, it is desirable in MDL actions to have mandates from the court of appeals in the transferor court's circuit referred to the transferee court. *See* Stanley J. Levy, *Complex Multidistrict Litigation and the Federal Courts,* 40 Fordham L.Rev. 41, 53–54 (1971) (MDL panel may withhold transfer, while an appeal is pending or planned, from an order of the transferor court). In many circumstances, hearings or other action will need to be taken by the transferee district court continuing to administer the case. *Cf.* Howard, *supra* and John T. McDermott, *The Judicial Panel on Multidistrict Litigation,* 57 F.R.D. 215 (1972).

In the instant case, the theory of the Court of Appeals for the Second Circuit supporting dismissal makes any realignment of the parties, amendment, new complaint or further action except in a bankruptcy court highly unlikely. The only action open to any district court is to dismiss the case.

The standard procedure of referring the appellate mandate to the transferee court should nevertheless be followed. The Eastern District of Pennsylvania presently has jurisdiction over the case with the power to

dismiss. The case is no longer in this, the transferor district. 28 U.S.C. § 1407(b). The effect of the bankruptcy proceeding can be considered by the transferee court.

The Clerk of the Court for the Eastern District of New York is directed to send this order and the mandate of the Court of Appeals of the Second Circuit to the Clerk of the Eastern District of Pennsylvania and to the Clerk of the Multidistrict Litigation Panel, and to send this order to the Clerk of the Court of Appeals for the Second Circuit.

SO ORDERED.